# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

LUIS LUIS MARTINEZ a/k/a LUIS
JOSE MARTINEZ,

        Petitioner,

        v.

WARDEN, FOLKSTON ICE PROCESSING
CENTER,

        Respondent.

5:26-cv-686

## ORDER

Petitioner Luis Martinez ("Martinez"), who was incarcerated at the Folkston Immigration and Customs Enforcement ("ICE") Processing Center in Folkston, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas. Dkt. No. 1. Respondent filed a Motion to Dismiss. Dkt. No. 11. For the following reasons, the Court **GRANTS** Respondent's Motion to Dismiss and **DENIES as moot** Martinez's Petition. I **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Martinez leave to appeal *in forma pauperis*.

## BACKGROUND

Martinez asserts he had been detained since September 2025 and continued to be detained through May 2026 without justification. Dkt. No. 1 at 4-5. Martinez seeks his release

from custody. Id. at 28. The Magistrate Judge directed Respondent to answer Martinez's Petition within seven (7) business days of his Order. Dkt. No. 4. Respondent filed a Response and a Motion to Dismiss. Dkt. Nos. 5, 11. Respondent states that Martinez was removed from the United States on June 16, 2026. Dkt. No. 11 at 2. Respondent asserts Martinez's Petition is now moot and should be dismissed. Id.

## DISCUSSION

### I.    Martinez's Petition Is Now Moot

Article III of the Constitution "extends the jurisdiction of federal courts to only 'Cases' and 'Controversies.'" Strickland v. Alexander, 772 F.3d 876, 882 (11th Cir. 2014). This "case-or-controversy restriction imposes" what is "generally referred to as 'justiciability' limitations." Id. There are "three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement." Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted). Regarding the mootness strand, the United States Supreme Court has made clear "a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (internal citation omitted). Accordingly, "[a]n

2

issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotation marks omitted). Questions of justiciability are not answered "simply by looking to the state of affairs at the time the suit was filed. Rather, the Supreme Court has made clear that the controversy 'must be extant at all stages of review, not merely at the time the complaint is filed.'" Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1189-90 (11th Cir. 2011) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)). "Events which occur subsequent to the filing of a petition may render the matter moot." Johnson v. Glover, No. 1:04-CV-413, 2006 WL 1008986, at *1 (M.D. Ala. Apr. 18, 2006) (citing Nat'l Black Police Ass'n v. District of Columbia, 108 F.3d 346, 350 (D.C. Cir. 1997)).

Here, Martinez asks the Court for his release. Dkt. No. 1 at 28. Martinez was removed from the United States on June 16, 2026. Dkt. No. 11. Martinez does not dispute this. Because Martinez is no longer being detained, there is no longer a "live controversy" over which the Court can give meaningful relief. Friends of Everglades, 570 F.3d at 1216. Accordingly, the Court **GRANTS** Respondent's Motion to Dismiss and **DENIES as moot** Martinez's Petition for Writ of Habeas Corpus.

3

## II.  Leave to Appeal *in Forma Pauperis*

The Court also denies Martinez leave to appeal *in forma pauperis*.  Though Martinez has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States,

4

Nos. 407CV085, 403CR001, 2009 WL 307872, at *1-2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of the filings in this case, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court **DENIES** Martinez *in forma pauperis* status on appeal.

### CONCLUSION

Based on the foregoing reasons, the Court **GRANTS** Respondent's Motion to Dismiss and **DENIES as moot** Martinez's Petition.  The Court **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENIES** Martinez leave to appeal *in forma pauperis*.

**SO ORDERED**, this ___26___ day of June, 2026.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA